[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 14, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11534
Non-Argument Calendar

_____

D. C. Docket No. 03-00010-CV-DHB-3

RICHARD E. TUCKER,

Plaintiff-Counter-
Defendant-Appellant,

versus

MORRIS STATE BANK,
DONALD C. CRAFTON, Vice Chairman/Director, Morris
State Bank, et al.,

Defendants-Counter-
Claimants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 14, 2005)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Richard Tucker appeals the district court's grant of Morris State Bank's motion for summary judgment on his complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68. Tucker contends the Bank committed extortion, as well as mail and wire fraud, by forcing him to pay on a note which had already been satisfied in order to be released from jail. Tucker also asserts the district court applied the summary judgment standard incorrectly.[1] We affirm the district court.

## I. DISCUSSION

We review "a grant of summary judgment *de novo*, using the same legal standard as the district court." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1184 (11th Cir. 1997). Summary judgment is proper if the pleadings, depositions, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)). The evidence, and all inferences

---

[1] Construing his brief liberally, Tucker argues for the first time on appeal the Bank's actions constituted the RICO predicate acts of extortion under the federal Hobbs Acts, mail fraud, and wire fraud. In the district court, Tucker did not contest the construction of his complaint as only raising the RICO predicate acts of extortion and bribery under state law. Thus, Tucker waived any arguments regarding federal RICO predicate acts by failing to raise them in the district court and we will not consider them on appeal. *See Stavropoulos v. Firestone*, 361 F.3d 610, 616 n.6 (11th Cir. 2004), *cert. denied*, 125 S. Ct. 1850 (2005).

Tucker also contends the Bank was required to depose all of its named potential witnesses and demonstrate the inadequacy of their testimony in order to satisfy its summary judgment burden. This argument has no merit.

drawn from the facts, must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986).

A. *RICO Predicate Acts*

RICO provides a private civil remedy to recover treble damages to "[a]ny person injured in his business or property by reason of a violation of" the substantive provisions contained in § 1962. 18 U.S.C. § 1964(c). RICO makes criminally liable those who engage in, or aid and abet another to engage in, a pattern of racketeering activity if they also: (1) use or invest income derived from the pattern of racketeering activity in the operation of an enterprise engaged in interstate commerce; (2) acquire or maintain, through the pattern of racketeering activity, any interest in or control over such an enterprise; or (3) conduct or participate in the conduct of the affairs of such an enterprise through a pattern of racketeering activity. 18 U.S.C. § 1962. A conspiracy to violate any of the above-referenced provisions is also unlawful. 18 U.S.C. § 1962(d). "The four elements of civil RICO liability are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000).

A plaintiff in a civil RICO action must identify and prove a pattern of racketeering activity, defined as at least two 'predicate acts' of racketeering activity, the last of which occurred within the last ten years. 18 U.S.C. § 1961(5); *see also Sedima, S.P.R.L. v. Imrex Co., Inc.*, 105 S. Ct. 3275, 3285 n.14 (1985) (noting a pattern of racketeering activity requires at least two distinct but related predicate acts). A racketeering activity is defined as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1).

Tucker's efforts to demonstrate the predicate RICO act of bribery were insufficient as a matter of law. The crime of bribery under Georgia law requires something be given or offered to "any person acting for or on behalf of the state or any political subdivision thereof, or of any agency of either . . . with the purpose of influencing him or her in the performance of any act related to the functions of his or her office or employment." O.C.G.A. § 16-10-2(a)(1). Tucker does not allege the Bank bribed any public official or anyone working for a public official. Tucker only alleges the Bank bribed his ex-wife to file divorce against him and to write a check from his account. There is no allegation or evidence in the record, however,

suggesting Tucker's ex-wife was a state official or representative. Accordingly, Tucker's RICO claim predicated on the crime of bribery fails.

Tucker's attempt to show the predicate RICO act of extortion under state law also fails as a matter of law. In order to state a claim of extortion under Georgia law, Tucker must show the Bank "unlawfully obtained property" from him. O.C.G.A. § 16-8-16(a). Tucker's complaint states the Bank foreclosed upon a four-wheeler, a trailer, and a piece of land. Tucker admitted at his deposition, however, that he did not pay off the loans taken out for those pieces of property. While Tucker's statements regarding his truck are arguably sufficient to create a disputed issue of fact, this fact is not material to his extortion claim because the truck was never foreclosed upon or repossessed by the Bank. Therefore, it could not have been "unlawfully obtained property." The other references in Tucker's complaint to extortion are conclusory allegations that the Bank committed extortion and violated RICO, and have no probative value in summary judgment. *United States v. Trainor*, 376 F.3d 1325, 1334 n.5 (11th Cir. 2004). Thus, Tucker's RICO claim predicated on the crime of extortion also fails.

B. *Summary Judgment Standard*

Tucker bore the burden at summary judgment of pointing to specific evidence negating the Bank's showing the record lacked sufficient evidence to

5

establish predicate acts under RICO. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116–17 (11th Cir. 1993). Tucker's response to the Bank's summary judgment motion, however, was nearly entirely devoid of citations to specific evidence. Instead, Tucker made vague claims in his response that "Defendants' affidavits and exhibits are rebutted by evidence they provided the plaintiff in response to his discovery request." Tucker then broadly claimed the evidence provided in discovery showed the loan on his Toyota truck was not past due in August 1995, and the actions taken by the Bank to recover on his loans were inconsistent with standard operating procedures. Tucker later alleged he would prevail at trial if allowed to present the evidence outlined in his complaint and RICO statement. Tucker failed to direct the district court to evidence in the record to demonstrate he could prove the alleged predicate RICO acts. Thus, the district court did not err in concluding these vague claims were insufficient to carry Tucker's summary judgment burden, and in applying the summary judgment standard.

## II. CONCLUSION

Tucker failed to present any evidence the Bank committed one or more predicate RICO acts. Furthermore, the court did not err in applying the summary judgment standard.

**AFFIRMED.**

6